Moncure, J.,
after stating the case, proceeded:
The possession of a grantor in a deed of trust after the execution of 'the deed, is not adverse to the title of the trustee, but only as his tenant at will or sufferance. The trustee may eject him without notice; or, without *233 ejecting him, may convey the trust subject to a purchaser, whose tenant at will or sufferance the grantor will then become, and by whom he may, in like manner, be ejected without notice. A person who purchases the trust subject, or any part of it, from the grantor, with notice of the deed of trust or after its due registration, stands in the place of the grantor, and bears the same relation that he does to the trustee and the purchaser from him. These propositions, as general rules of law, will not be denied; and they would seem to be decisive of this case. But it was contended by the counsel for the defendant that whenever a person in possession holds for himself to the exclusion of all others, the possession so held must be adverse to all others, whatever relation in point of interest or privity he may stand in to others; and that the tenant so held possession in this case for a period sufficiently long before the institution of the suit to give him a perfect title against the demandants. The principle is certainly sustained by recent American decisions which are entitled to great respect. But while it is maintained in these decisions, that a person whose possession, in its commencement, is subordinate to the title of another, may afterwards, without surrendering the possession, disclaim that title, and hold adversely to it; yet this qualification is added to the principle, that knowledge of the disclaimer must be brought home to the party whose title is disclaimed. In the language of the Supreme court of the United States, in one of the last of these recent decisions, the case of Zeller’s lessee v. Eckert, &c. 4 How. S. C. R. 296, “ As” the possession “ was originally taken and held in subserviency to the title of the real owner, a clear, positive and continued disclaimer, and disavowal of the title, and assertion of an adverse right, and to be brought home to the party, are indispensable, before any foundation can be laid for the operation, of the *234 statute. Otherwise the grossest injustice may be practiced j for without such notice, he might well rely upon the fiduciary relations under which the possession was originally taken and held, and upon the subordinate character of the possession as the legal result of those relations. The statute therefore, does not begin to operate until the possession, before consistent with the title of the real owner, becomes tortious and wrongful by the disloyal acts of the tenant, which must be open, continued and notorious, so as to preclude all doubt as to the character of the holding or the want of knowledge on the part of the owner.” “ The operation of the principle, (say the court in Hall v. Dewey, &c. 10 Verm. R. 599,) is simply to impose upon the landlord the necessity of protecting his interest after learning the hostile claims of his tenant, by that measure of diligence which the statute of limitations has prescribed. For other purposes the original relation between the parties has its legal effect upon their respective rights. The tenant is still restrained from disputing the title under which he entered, nor can he augment the burden of proof upon the other side by denying his tenancy.”—“ The rights subsisting between the original parties to such a tenancy, continue to subsist between their grantees.”
The principle, even with the qualification before stated, has never, I believe, been affirmed by this court: nor is it necessary to decide in this case whether it be the law of this state or not. The principle is certainly not law without the qualification; and conceding it to be so with it, this case does not come within its operation. The special verdict does not find that the demandants or their ancestor had any knowledge of any disclaimer of their title on the part of the tenant. Such knowledge cannot be inferred from the long possession of the tenant. The inference, if it had been proper, should have been found *235 as a fact by the jury. But it would have been an improper inference even for the jury to make from the mere fact of continued possession by the tenant. His possession commenced as tenant by sufferance; it so continued after the sale by the trustee; and it should be referred to the same fiduciary relation until it was determined by the will of the legal owner, or at least until the title of the legal owner was disclaimed with his knowledge.
It is unnecessaiy to enquire whether the jury might have presumed a grant from the lapse of time in this case, as no such grant was found by the verdict. Instead of that, it is expressly found that the tenant claimed the land under the title bond.
It is objected by the counsel for the tenant that the fact of seizin of the demandants is not found by the verdict. But it is found that the demandants and tenant each claim an estate in fee simple in the land in controversy under Cutlip Airy; the former claiming under a deed executed by him with general warranty, shortly before' the execution of the title bond under which the tenant claims. This is a substantial finding of seizin of the demandants, or at all events estops the tenant from denying it.
I think the judgment should be reversed, and judgment rendered for the demandants.
The other judges concurred in the opinion of Moncure, J.
Judgment reversed, and entered for the appellants..